IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
(LOUISVILLE DIVISION)

ANGELA LOGSDON     PLAINTIFF
3509 Whippoorwill Road
Louisville, Kentucky 40213

Case No. 3:20CV-798-CRS

v.

Judge Charles R. Simpson III


EQUIFAX INFORMATION SERVICES, LLC     DEFENDANTS
1550 Peachtree Street, N.W.
Atlanta, Georgia 30309

    SERVE:     CSC-Lawyers Incorporating Service Co.
                            421 W. Main Street
                            Frankfort, Kentucky 40601
                            (BY CERTIFIED MAIL)

AND

TRANS UNION, LLC
555 W. Adams Street
Chicago, Illinois 60661

    SERVE:     The Prentice Hall Corporation System
                            421 W. Main Street
                            Frankfort, Kentucky 40601
                            (BY CERTIFIED MAIL)

\*\* \*\* \*\* \*\*

**VERIFIED COMPLAINT**

      Comes the Plaintiff, Angela Logsdon, and for her Verified Complaint against the Defendants, Equifax Information Services, LLC ("Equifax") and Trans Union, LLC ("Trans Union"), states as follows:

## I. PRELIMINARY STATEMENT

1. This is an action for violation of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §1681 et seq. arising out of Defendants' failure to investigate Plaintiff's credit reporting disputes; Equifax's and Trans Union's false reporting of alleged late payments subsequent to the charge off of a Capital One account; Trans Union's failure to provide Plaintiff with the results of her disputes or to even acknowledge receipt of Plaintiff's disputes despite Plaintiff's proof of delivery of her dispute letter to Trans Union; and Defendants' failure to correct their false reporting of the charged off Capital One account.

## II. PARTIES

2. Plaintiff, Angela Logsdon, is currently and was at all relevant times a citizen of the Commonwealth of Kentucky residing at 3509 Whippoorwill Road, Louisville, Kentucky 40213.

3. Plaintiff is a "consumer" as that term is defined by the FCRA, 15 U.S.C. §1681a(c).

4. Defendant, Equifax, is a corporation organized under the laws of the State of Georgia and doing business in the Commonwealth of Kentucky with its principal place of business located at 1550 Peachtree Street, N.W., Atlanta, Georgia 30309.

5. Equifax is a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as that term is defined by the FCRA, 15 U.S.C. §1681a(o).

6. Equifax is regularly engaged in the business of assembling, evaluating, and dispensing information concerning consumers for the purpose of furnishing "consumer reports," as that term is defined at 15 U.S.C. §1681a(d), to third parties.

7. Defendant, Trans Union, is a limited liability corporation organized under the laws of the State of Illinois and doing business in the Commonwealth of Kentucky with its principal

place of business located at 555 West Adams Street, Chicago, Illinois 60661.

8. Trans Union is a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as that term is defined by the FCRA, 15 U.S.C. §1681a(o).

9. Trans Union is regularly engaged in the business of assembling, evaluating, and dispensing information concerning consumers for the purpose of furnishing "consumer reports," as that term is defined at 15 U.S.C. §1681a(d), to third parties.

### III. JURISDICTION

10. This Court has jurisdiction over this action: (1) pursuant to the FCRA, 15 U.S.C. §1681(p); (2) pursuant to 28 U.S.C. §1331; and (3) because the transactions and occurrences giving rise to this action occurred in Pike County, Kentucky as a result of the Defendants' doing business in Pike County, Kentucky.

### IV. FACTUAL BACKGROUND

11. In or around July 2020, Plaintiff accessed her Equifax and Trans Union credit reports and discovered a charged off Capital One tradeline with 42 90+ day late payments allegedly incurred subsequent to Capital One's charge off of the account.

12. Immediately upon discovering the Capital One tradeline, Plaintiff filed disputes with Equifax and Trans Union regarding the inaccuracy of the tradeline.

13. Upon information and belief, Equifax and Trans Union, pursuant to the requirements stated in 15 U.S.C. §1681i(a)(2)(A), notified Capital One of the disputes at or within five (5) days of Equifax's and Trans Union's receiving notice of the disputes from Plaintiff.

14. Plaintiff received the results of her Equifax dispute in August 2020. Those results indicated that Equifax verified the accuracy of the false and inaccurate Capital One tradeline. Plaintiff never received dispute results from Trans Union. When Plaintiff contacted Trans Union

in August 2020 regarding the status of her dispute, Trans Union, despite Plaintiff's receipt from the USPS of delivery confirmation of the dispute letter to Trans Union in July 2020, advised Plaintiff that Trans Union never received Plaintiff's dispute. In August 2020, Plaintiff again accessed her Trans Union credit report and the Capital One tradeline was reporting as it had been reporting prior to Plaintiff's dispute. Trans Union utterly failed to investigate Plaintiff's dispute despite Trans Union's receipt of Plaintiff's dispute letter in July 2020.

15. Despite Plaintiff's lawful request for removal or amendment of the disputed item pursuant to the FCRA, Equifax and Trans Union failed to investigate Plaintiff's disputes and failed to remove the disputed item from Plaintiff's credit reports or to amend Plaintiff's credit reports.

16. Upon information and belief, Equifax and Trans Union did not evaluate or consider any of Plaintiff's information, claims, or evidence, and did not make any and/or sufficient attempts to remove the disputed item or to amend Plaintiff's credit reports within a reasonable time following Equifax's and Trans Union's receipt of Plaintiff's disputes.

17. The Defendants' actions have damaged Plaintiff in that Plaintiff has been denied credit and/or has been forced to pay a high rate of interest for credit due to the Defendants' failure to investigate Plaintiff's dispute and Defendants' false reporting of the Capital One tradeline. In addition, the Defendants' violation of the FCRA have caused Plaintiff to suffer embarrassment, humiliation, and emotional distress.

## V. CLAIMS

### Negligent Violation of the Fair Credit Reporting Act – Equifax

18. Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 17 as if fully set forth herein.

19. Equifax's failure to investigate Plaintiff's dispute and its failure to delete and/or amend its reporting of the subject tradeline despite knowledge of the falsity of the disputed item are violations of Equifax's duty to ensure maximum possible accuracy of consumer reports under 15 U.S.C. §1681e(b) and Equifax's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

20. Equifax's failure to evaluate or consider any of Plaintiff's information, claims, or evidence, and its failure to make any and/or sufficient attempts to delete and/or amend its reporting of the disputed item within a reasonable time following Equifax's receipt of Plaintiff's dispute are violations of Equifax's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

21. Equifax's violations of the FCRA amount to negligent non-compliance with the FCRA as stated in 15 U.S.C. §1681o, for which Equifax is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, and for Plaintiff's attorney's fees.

### Negligent Violation of the Fair Credit Reporting Act – Trans Union

22. Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 21 as if fully set forth herein.

23. Trans Union's failure to investigate Plaintiff's dispute and its failure to delete and/or amend its reporting of the subject tradeline despite knowledge of the falsity of the disputed item are violations of Trans Union's duty to ensure maximum possible accuracy of consumer reports under 15 U.S.C. §1681e(b) and Trans Union's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

24. Trans Union's failure to evaluate or consider any of Plaintiff's information, claims, or evidence, and its failure to make any and/or sufficient attempts to delete and/or amend

its reporting of the disputed item within a reasonable time following Trans Union's receipt of Plaintiff's dispute are violations of Trans Union's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

25. Trans Union's violations of the FCRA amount to negligent non-compliance with the FCRA as stated in 15 U.S.C. §1681o, for which Trans Union is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, and for Plaintiff's attorney's fees.

**Willful Violation of the Fair Credit Reporting Act – Equifax**

26. Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 25 as if fully set forth herein.

27. Equifax's failure to investigate Plaintiff's dispute and its failure to delete and/or amend its reporting of the subject tradeline despite Equifax's knowledge of the falsity of the disputed item are willful violations of Equifax's duty to ensure maximum possible accuracy of consumer reports as stated in 15 U.S.C. §1681e(b) and Equifax's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

28. Equifax's failure to investigate Plaintiff's dispute, its failure to evaluate or consider any of Plaintiff's information, claims or evidence, and its failure to make any and/or sufficient attempts to delete and/or amend its reporting of the disputed item within a reasonable time following Equifax's receipt of Plaintiff's dispute are willful violations of Equifax's duties regarding investigation of disputed items as stated in 15 U.S.C. §1681i.

29. Equifax's violations of the FCRA amount to willful non-compliance with the FCRA as stated in 15 U.S.C. §1681n for which Equifax is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, for punitive damages, and for Plaintiff's attorneys' fees.

**Willful Violation of the Fair Credit Reporting Act – Trans Union**

30. Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 29 as if fully set forth herein.

31. Trans Union's failure to investigate Plaintiff's dispute and its failure to delete and/or amend its reporting of the subject tradeline despite Trans Union's knowledge of the falsity of the disputed item are willful violations of Trans Union's duty to ensure maximum possible accuracy of consumer reports as stated in 15 U.S.C. §1681e(b) and Trans Union's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

32. Trans Union's failure to investigate Plaintiff's dispute, its failure to evaluate or consider any of Plaintiff's information, claims, or evidence, and its failure to make any and/or sufficient attempts to delete and/or amend its reporting of the disputed item within a reasonable time following Trans Union's receipt of Plaintiff's dispute are willful violations of Trans Union's duties regarding investigation of disputed items as stated in 15 U.S.C. §1681i.

33. Trans Union's violations of the FCRA amount to willful non-compliance with the FCRA as stated in 15 U.S.C. §1681n for which Trans Union is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, for punitive damages, and for Plaintiff's attorneys' fees.

WHEREFORE, Plaintiff, Angela Logsdon, respectfully demands the following:

1. Trial by jury on all issues so triable;

2. Judgment against the Defendants for statutory, compensatory, consequential, and punitive damages;

3. For attorneys' fees and costs; and,

4. Any and all other relief to which Plaintiff may appear to be entitled.

Respectfully submitted,

/s/David W. Hemminger
David W. Hemminger
HEMMINGER LAW OFFICE, P.S.C.
331 Townepark Circle, Suite 100-C
Louisville, KY 40243
Phone, (502) 443-1060
Facsimile, (502) 873-5300
hemmingerlawoffice@gmail.com
*Counsel for Plaintiff*

## VERIFICATION

I, Angela Logsdon, hereby state that I have read the foregoing Verified Complaint and the statements contained therein are true and accurate to the best of my knowledge, information and belief.

_____
Angela Logsdon

COMMONWEALTH OF KENTUCKY   )
                          ) SS
COUNTY OF JEFFERSON        )

Subscribed, sworn to and acknowledged before me by Angela Logsdon this 17th day of November, 2020.

_____
Notary Public

MICHAEL RESIDORI
Notary Public - State at Large
State of Kentucky
Commission Number 633283
My Commission Expires Oct. 9, 2023

Commission expires: October 9th, 2023

9